# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1644V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | Special Master Corcoran |
| JULIE KEEN WHITE, | * | |
| *on behalf of the* | * | |
| ESTATE OF CYNTHIA LADEW QUINN, | * | |
| | * | |
| Petitioner, | * | Filed: July 23, 2019 |
| | * | |
| v. | * | |
| | * | Decision by Proffer; Damages; |
| SECRETARY OF HEALTH | * | Conceded; Guillain-Barré Syndrome; |
| AND HUMAN SERVICES, | * | Influenza Vaccine. |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Collie Britain Sledge, III*, Rolling, Perrilloux & Sledge, Hammond, LA, for Petitioner.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 31, 2017, Cynthia Quinn filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Ms. Quinn first alleged that she developed Guillain-Barré syndrome ("GBS") as a result of a trivalent influenza ("flu") vaccine she received on November 4, 2014. *Id.* at 1. Subsequently, she amended her claim to state that the flu

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

vaccine she had received was the quadrivalent flu vaccine, rather than trivalent. Am. Pet. at 1, filed Feb. 27, 2018 (ECF No. 10). On December 14, 2018, Ms. Quinn passed away for reasons unrelated to her GBS. Order at 1, filed Mar. 29, 2019 (ECF No. 26). Her daughter, Julie White, assumed the role of Petitioner, and opted to continue pursuing the claim on behalf of her late mother's estate. *See id.*

On April 30, 2019, Respondent filed his Rule 4(c) Report, in which he acknowledged that, based on her claim of GBS following the flu vaccine, Petitioner has satisfied the requirements for a Vaccine Injury Table claim and is entitled to compensation. Rule 4(c) Report at 7–8 (ECF No. 27). That same day, I issued a ruling finding entitlement (ECF No. 28) and an order directing the parties to confer regarding an appropriate damages award (ECF No. 29).

Soon thereafter, Respondent filed a proffer proposing an award of compensation. Proffer, filed July 22, 2019 (ECF No. 32). I have reviewed the file, and based upon that review, I conclude that Respondent's Proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Proffer proposes:

- A lump sum payment of $160,000.00, in the form of a check payable to Petitioner.

Proffer at 2. This amount represents compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JULIE KEEN WHITE, *on behalf of The Estate of Cynthia Ladew Quinn*, | ) ) ) ) | |
| Petitioner, | ) ) ) | No. 17-1644V Special Master Corcoran ECF |
| v. | ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 31, 2017, Cynthia Quinn filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Mrs. Quinn alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of a trivalent influenza ("flu") vaccine administered to her on November 4, 2014.  Petition at 1. On February 27, 2018, Mrs. Quinn filed an amended petition alleging that she suffered GBS as a result of a quadrivalent flu vaccine administered on November 4, 2014.  Am. Petition at 1.  On December 14, 2018, Mrs. Quinn passed away.  Motion to Amend Petition, ECF No. 25.  On March 29, 2019, Julie Keen White ("petitioner"), Mrs. Quinn's daughter, moved to amend the petition to change the caption to name Ms. White as the petitioner on behalf of Mrs. Quinn's estate.[1]  *Id.*  On April 30, 2019, the Secretary of Health and Human Services ("respondent") filed a Second Supplemental Rule 4(c) Report recommending that compensation be awarded, and the

---

[1] Petitioner has not alleged that Mrs. Quinn's death was related to her GBS.  See Order, ECF No. 26 at 1 (filed Mar. 29, 2019).

Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day.  ECF No. 27; ECF No. 28.

## I.      Items of Compensation

### A.      Pain and Suffering

Respondent proffers that Julie Keen White, on behalf of the estate of Cynthia Ladew Quinn, should be awarded $160,000.00 in actual pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.[2] Respondent recommends that the compensation provided to Julie Keen White should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:  $160,000.00 for actual pain and suffering, in the form of a check payable to petitioner, Julie Keen White.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Julie Keen White:                          **$ 160,000.00**

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[2] Ms. White has provided documentation establishing that she is the independent administratrix of Mrs. Quinn's estate.

2

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
Sarah C. Duncan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

Dated:  July 22, 2019